**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MAY 03 2017

------------------------------------------------------------X

TONY KHOURY, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

FXCM INC., DROR NIV, and ROBERT LANDE,

    Defendants.

CASE No.: 1:17-cv-00916-RA

**ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING CO-LEAD PLAINTIFFS AND LEAD COUNSEL**

**CLASS ACTION**

------------------------------------------------------------X
------------------------------------------------------------X

YING ZHAO, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

FXCM INC., DROR NIV, and ROBERT N. LANDE,

    Defendants.

CASE No.: 1:17-cv-00955-UA

**CLASS ACTION**

------------------------------------------------------------X
------------------------------------------------------------X

DAVID BLINN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

vs.

FXCM INC, DROR NIV, and ROBERT N. LANDE,

    Defendants.

CASE No.: 1:17-cv-01028-RA

**CLASS ACTION**

------------------------------------------------------------X

```
------------------------------------------------------------------------X
683 CAPITAL PARTNERS, LP, Individually and on Behalf     CASE No.: 1:17-cv-02506-UA
of All Others Similarly Situated,

                              Plaintiff,                  **CLASS ACTION**

                      vs.

GLOBAL BROKERAGE, INC. f/k/a FXCM INC., DROR
NIV, and ROBERT LANDE,

                              Defendants.
------------------------------------------------------------------------X
```

## ORDER

WHEREAS, the above-captioned securities class actions (the "Securities Class Actions") have been filed against defendants Global Brokerage, Inc. f/k/a FXCM Inc., and certain of their present and former officers and directors, alleging violations of the federal securities laws;

WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may order all actions consolidated if they involve "common issues of law or fact." Fed. R. Civ. P. 42(a). The Securities Class Actions involve common legal and factual issues; thus, efficiency and consistency will result from their consolidation. *See* Fed. R. Civ. P. 42(a);

WHEREAS, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 7, 2017, Plaintiff in the first-filed action caused notice to be issued to potential class members of the action and informed them of their right to move to serve as lead plaintiff within 60 days of the date of the issuance of said notice;

WHEREAS, on April 10, 2017, Plaintiffs 683 Capital Partners, LP and Shipco Transport Inc. (collectively, "Movants"), moved the Court to: (1) consolidate the above-captioned related

actions; (2) appoint themselves as co-lead plaintiffs; and (3) approve their selection of The Rosen Law Firm, P.A. as lead counsel;

WHEREAS, the PSLRA provides, *inter alia,* that the most-adequate plaintiff to serve as lead plaintiff is the person or group of persons that has either filed a complaint or has made a motion in response to a notice and has the largest financial interest in the relief sought by the Class and satisfies the requirements of Fed. R. Civ. P. 23;

WHEREAS, 15 U.S.C. § 78u-4(a)(3)(B) provides, *inter alia*, that as soon as practicable after the decision on consolidation is rendered, the Court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions;

WHEREAS, the Court finding that Movants have the largest financial interest in this action and *prima facie* satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); and

**IT IS HEREBY ORDERED THAT:**

**CONSOLIDATION OF SECURITIES CLASS ACTIONS**

1. The Securities Class Actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Fed. R. Civ. P. 42(a).

**MASTER DOCKET AND CAPTION**

2. The docket in Case No. 1:17-cv-00916-RA shall constitute the Master Docket for this action.

3. Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re Global Brokerage, Inc. f/k/a FXCM Inc.     Master File No. 1:17-cv-00916-RA
Securities Litigation

CLASS ACTION
------------------------------------------------------X
This Document Relates To:

4.  The file in civil action no. 1:17-cv-00916-RA shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5.  This Order shall apply to all securities class actions involving common questions of law and fact that are subsequently filed in or transferred to this Court, unless a party objecting to the consolidation of that action or any other provision of this Order serves an application for relief within ten days from the date on which a copy of this Order is mailed to the party's counsel. The provisions of this Order shall apply to such an action pending the Court's ruling on the application.

6.  This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

**APPOINTMENT OF CO-LEAD PLAINTIFFS AND LEAD COUNSEL**

7.  Pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-(a)(3)(B), Movants are appointed as Co-Lead Plaintiffs for the class as they have the largest financial interest in this litigation and otherwise satisfy the requirements of Fed. R. Civ. P. 23.

4

8. Movants' choice of counsel is approved and accordingly, The Rosen Law Firm, P.A. is appointed as Lead Counsel.

9. Lead Counsel, after being appointed by the Court, shall manage the prosecution of this litigation. Lead Counsel is to avoid duplicative or unproductive activities and is hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Co-Lead Plaintiffs and the Class.

SO ORDERED.

Dated: May 3, 2017
New York, New York

_____
Hon. Ronnie Abrams
United States District Judge